UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5520-SJO-PJW | Date | June 22, 2015 |
|---|---|---|---|
| Title | *Stephen Handy Aguiar v. My Space, Inc., et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Isabel Martinez | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| N/A | N/A |

**Proceedings:**   Screening of First Amended Complaint  (Doc. No. 10.)

    Before the Court for screening is Plaintiff's First Amended Complaint ("FAC").  (Doc. No. 10.) Plaintiff is a federal prisoner housed in Petersburg, Virginia.  He claims that, in 2008, he opened an account with My Space, an online social media network.  (FAC at ¶ 8.)  In doing so, he entered into a user agreement, which stated that My Space would protect the privacy of users' account information.  (FAC at ¶ 9.)  Plaintiff set all his account settings to "private," and, in November 2008, uploaded about 100 photos to his account.  (FAC at ¶¶ 10-12.)  In April 2009, agents for the Drug Enforcement Administration ("DEA") began investigating Plaintiff for drug trafficking and subpoenaed My Space for information about his user account.  (FAC at ¶¶ 13-14.)  Although the subpoena only requested account information, photographs, and messages that were more than 180 days old, My Space provided *all* Plaintiff's account information to DEA Agent Justin Couture.  (FAC at ¶¶ 15-16.)  Even though the DEA knew they received information from My Space that was beyond the scope of the subpoena, they used it anyway in Plaintiff's criminal case, which culminated in his arrest and conviction.  (FAC at ¶¶ 18-19.) Plaintiff now sues the DEA, Agent Couture, My Space, and unknown DEA and My Space officials for conspiring to violate his civil rights, violating his Fourth Amendment rights, violating his rights under the Electronic Communications Privacy Act/Stored Communications Act ("ECPA/SCA"), and for breach of contract.  He seeks monetary damages, declaratory relief, and injunctive relief in the form of an order directing the DEA to destroy any documents it unlawfully received from My Space.

    The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915.  In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations in the FAC and views all inferences in a light most favorable to him.  *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011).  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding *pro se*, the Court construes the FAC liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

    Although he does not specifically say so, it appears that Plaintiff brings his claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1985 (for conspiracy to interfere with civil rights), and the ECPA/SCA.  *See Daly-Murphy v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (where plaintiff's allegations are against federal officials acting under color of federal law, only possible action is under authority of *Bivens*).

As an initial matter, Plaintiff's Fourth Amendment claim is not cognizable as a matter of law. He alleges that Defendants used unlawfully-obtained information against him during his criminal trial that led to his conviction. This is not a cognizable claim. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff cannot premise a civil rights claim on the illegal search and seizure of evidence upon which criminal charges were based unless and until those criminal charges are dismissed or the conviction is called into question. *See Harvey v. County of Navajo*, 586 Fed. Appx. 368, 369 (9th Cir. 2014); *Reed v. Labbe*, No. 10-8315-SVW (OP), 2012 WL 5267726, at *7-8 (C.D. Cal. Oct. 22, 2012) (dismissing plaintiff's allegations that law enforcement unlawfully obtained evidence that was used to criminally prosecute him as *Heck*-barred).

Plaintiff may, however, be able to state a claim against My Space under the ECPA/SCA. Under the SCA, which comprises part of the ECPA, certain types of communication service providers may not divulge private communications to certain entities or individuals. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 874-75 (9th Cir. 2002); *Thomas v. Smith*, No. 09-3074-GHK (OP), 2012 WL 5346856, at *6 (C.D. Cal. Oct. 25, 2012). Although, generally speaking, the SCA provides a defense when information is provided in accordance with the terms of a court order or subpoena, Plaintiff here is alleging that My Space provided information outside the scope of the subpoena.

**No later than July 22, 2015, Plaintiff is ordered to file a Second Amended Complaint ("SAC").** In doing so, should not re-allege his civil rights claims for the reasons explained above, but may re-allege his ECPA/SCA claim. He may also re-allege his breach of contract claim.

S:\PJW\Cases-Civil Rights\AGUIAR\MO_screening.wpd

: 00

Initials of Preparer    sr