STEPHEN HANDY AGUIAR
Reg. No. 03722-082
LEGAL MAIL - OPEN ONLY IN THE PRESENCE OF INMATE
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

FILED
CLERK, U.S. DISTRICT COURT
DEC 11 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN HANDY AGUIAR,<br>Plaintiff,<br><br>v.<br><br>MYSPACE,<br>Defendant. | ) | Case No. 2:14-cv-5520-SJO (PJWx) |

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Stephen Aguiar, pro se, and respectfully opposes Defendant's Motion to Dismiss Plaintiff's civil claim under a statute of limitations defense as to both Plaintiff's Stored Communications and breach of contract claims. As detailed below, Plaintiff argues that: (1) the facts are not sufficient to support Defendant's claim at this stage of the proceedings and (2) Defendant's statute of limitations defense as to Plaintiff's claims is without merit and the above entitled action must proceed.

## I. Procedural Background

In July 2014, Plaintiff filed a complaint naming Defendant Myspace and others had violated his civil and constitutional rights. ECF 1. However, because Plaintiff had not included the appropriate CV-60P form authorizing disbursements from his prison

account accompanied by a certifed copy of his trust fund account statement, this Court denied Plaintiff's claim to proceed. ECF 2. The Court granted leave to amend and directed the clerk to mail Plaintiff the appropriate form. Id.

On or about August 6, 2014, Movant filed an Amended Complaint as instructed using the prison legal mail procedures here at FCC Petersburg, Virginia, ECF 10, including the appropriate CV-60P form and certified account statement.

On November 4, 2014, U.S. Magistrate Judge Carla M. Woehrle issued an order that Plaintiff's complaint be filed granting Plaintiff leave to file action without prepayment of full filing fee. ECF 6.

On June 22, 2015, U.S. Magistrate Judge Patrick J. Walsh screened Plaintiff's First Amended Complaint. ECF 14. In doing so, he dismissed claims against government officials, but allowed Plaintiff to re-allege his ECPA/SCA and breach of contract claims against Myspace in a Second Amended Complaint. Id. at 2.

On or about October 16, 2015, Plaintiff filed his Second Amended Complaint as ordered by this Court. After screening the Second Amended Complaint, the Court issued a Summons to serve Defendant. ECF 20.

On or about November 24, 2015, Defendant filed a Motion to Dismiss under Rule 12(b)(6). This opposition followed.

## II. Argument

Defendant has moved this Court to dismiss under Fed. R. Civ. P. 12. for failure to state a claim because "it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Deft.'s Mem. of Pts. and Authorities at 4. Defendant rests its "failure to state a claim" argument as to both Plaintiff's claims on a statute of limitations defense. Defendant's argument is inappropriate at this stage in the proceedings and this Court is not in a position to determine Plaintiff's timeliness without a sufficient forum to consider all the facts. Moreover, Defendant's statute of limitations defense is without merit.

**A. It is Clear from the Face of the Complaint that Plaintiff has Stated a Timely Stored Communications Act Claim**

Defendant argues that the two year statute of limitations period to bring a claim under the SCA renders Plaintiff's claim untimely. Id. at 6-8. This theory rests on the imputed knowledge of his criminal attorney in his criminal case. In support of this theory, Defendant uses exhibits of Motions to Suppress from his criminal docket. However, the Court need not go this far in deciding this because the face of Movant's Second Amended Complaint states that "Plaintiff's defense attorney...failed to provide Plaintiff with discovery evidence related to the allegations herein until November 2013." Sec. Am. Complt. at 4. At this stage of the proceedings, there is no way for this Court to determine when Plaintiff's defense attorney received the discovery evidence that was provided to Plaintiff in November 2013. Moreover, there are many exceptions to Defendant's "Restatement (Third) of Agency" theory. For example, as to "the exceptions, the Restatement (Third) of Agency, § 5.03 (2006), explains that notice between a principal and agent may not exist where the agent acts adversely

to the principal..." Ranieri v. Kersenbrock, 2011 U.S. Dist. LEXIS 131375 n.8 (D. Hi. Nov. 14, 2011). Furthermore, there are degrees of ineffectiveness that would be of importance to this Court assuming it was to evaluate Defendant's theory -- none of which exist from the face of the complaint.

Moreover, under Defendant's novel theory, it argues that it believes Plaintiff's "criminal defense attorney reviewed and analyzed the evidence produced by the Government and filed three motions to suppress evidence... [and his] attorney's knowledge of this evidence [was] imputed to [Plaintiff] as his client." Deft.'s Mem. of Pts. and Auth. at 7. The problem with this conjecture is that Plaintiff's criminal attorney makes no reference to nor raises any Stored Communications Act violation under the Fourth Amendment in any of the motions to suppress exhibits it refers to in its memorandum. Id. Clearly, as Defendant points out, "[w]here the government instead secures access [of stored communications held in electronic storage for 180 days or less] through a subpoena, as section 2703 permits, the evidence may be subject to both the Fourth Amendment exclusionary rule and the exceptions to the rule." Id. at 5. Plaintiff's criminal attorney's knowledge of the discovery evidence Defendant claims was analyzed would have led Plaintiff's criminal attorney to raise such a claim in the suppression motions referred to by Defendant. This fact surely raises questions about Plaintiff's imputed knowledge. In light of the above facts, this Court should agree that Plaintiff's claim under the Stored Communications Act should proceed.

**B. Plaintiff's Breach of Contract Claim is Timely**

Defendant argues that Plaintiff's breach of contract claim is untimely under California's four year statue of limitations for raising such a claim. Deft.'s Mem. of Pts. and Auth. at 8-9. The essence of Defendant's argument is:

> AGUIAR's criminal defense attorney's knowledge of th[e discovery] evidence is imputed to AGUIAR as his client... Thus, AGUIAR was aware of this discovery evidence, through the imputed knowledge of his criminal defense attorney, on March 9, 2010, at the earliest, or November 4, 2010 at the latest... Applying the delayed discovery rule to the instant matter...AGUIAR failed to timely bring a breach of contract claim within four years when he filed his complaint on November 7, 2014.

Id. at 9.

This argument misses the mark and Defendant's timeline is inaccurate. Separate from the argument that Defendant's Motion to Dismiss is inappropriate at this stage in the proceedings as outlined herein, Plaintiff filed his complaint in July 2014, not on November 7, 2014.

As detailed in Plaintiff's Procedural Background section, and as supported by the record, Movant filed his initial complaint in July 2014. However, the Court would not allow the complaint to proceed without the proper financial document. Then, on or about August 6, 2015, Plaintiff mailed his amended complaint to the Court. Technically, under Ninth Circuit precedent, August 6, 2014 was when Plaintiff's Amended Complaint was filed. See Douglas v. Noelle, 567 F.3d 1103, 1104 (9th Cir. 2009)(reversing the district court and holding that the mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), applies to a pro se prisoner's § 1983 complaint). Notwithstanding the fact that this Court held Plaintiff's Amended Complaint for months before it was eventually filed, it cannot be

disputed that Plaintiff's breach of contract claim had been raised in this Court well before the November 7, 2014 date Defendant incorrectly calculates in its Memorandum. Thus, such an argument must fail because Plaintiff's claim for breach of contract was filed well within the statute of limitations. Accordingly, Plaintiff's claim for breach of contract should also proceed.

## III. Conclusion

For all reasons argued above, Plaintiff asks this Court to deny Defendant's Motion to Dismiss as a matter of law.

Respectfully submitted,

Dated: December 7, 2015

Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

## DECLARATION

I, Stephen Handy Aguiar, hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that I handed the foregoing parcel to prison staff using legal mail procedures on Decmeber 7, 2015.

Stephen Handy Aguiar

## CERTIFICATE OF SERVICE

I, Stephen Handy Aguiar, hereby certify that I mailed a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to dismiss to Defendant's attorney of record, Jane A. Rheinheimer, Attorney at Law, at 1230 Columbia Street, Suite 920, San Diego, CA 92101 via First Class United States Mail, postage prepaid.

Dated: December 7, 2015

Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

December 7, 2015

United States District Court
Central District of California
Western Division
**Attention: Court Clerk**
312 North Spring Street
Los Angeles, CA 90012

Dear Court Clerk,

Enclosed please find a motion to be filed with the Court. I am enclosing my original and 1 additional copy as required by the Court. Please file this motion at your earliest convenience.

Thank you for your attention in this matter.

Sincerely yours,

Stephen Handy Aguiar

Stephen Handy Aguilar
Reg. No. 03722-082
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804




⇔03722-082⇔
U S Courthouse
Att: Court Clerk, Rm G-19
312 N Spring ST
CASE 2:14-Cv-5520-Sjo/Pjw
LOS Angeles, CA 90012
United States

<u>LEGAL MAIL</u>

RECEIVED
CLERK U.S. DISTRICT COURT
DEC 11 2015
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

DEC [illegible] 2013

FCI PETERSBURG MEDIUM
P.O. BOX 90042
PETERSBURG VA 23804

DATE:

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.