STEPHEN HANDY AGUIAR
Reg. No. 03722-082
LEGAL MAIL - OPEN ONLY IN THE PRESENCE OF INMATE
FCC Petersburg Medium
Petersburg, VA 23804

FILED
CLERK, U.S. DISTRICT COURT
Feb 2 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ______ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN HANDY AGUIAR,<br>Plaintiff, | ) | |
| v. | ) | Case No. 2:14-cv-5520-SJO (PJWx) |
| MY SPACE INC.,<br>Defendant. | ) | |

**MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**

COMES NOW Plaintiff, Stephen Aguiar, pro se, and hereby moves this Court to allow Plaintiff to file a sur-reply to Defendant's December 28, 2015 Reply in this case. Plaintiff submits the following proposed reply for consideration in deciding Defendant's pending Motion to Dismiss:

1. In August 2009, Plaintiff's criminal attorney, David J. Williams, was appointed by the Court in Burlington, Vermont to represent Plaintiff in his criminal proceedings under the Criminal Justice Act ("CJA").

2. The scope of Plaintiff's representation was limited to only the criminal proceedings. The Court only authorized, and the Criminal Justice Act only financed, representation related to Plaintiff's rights and liabilities to those that concern only the criminal proceedings.

3. In late-2010, Plaintiff's criminal attorney elected not to allow Plaintiff to review his discovery evidence in his case over a dispute regarding Plaintiff's refusal to plead guilty.

4. According to the U.S. Attorney's Office in Burlington, Vermont, Myspace photographs were provided to the defense on March 21, 2011 as part of discovery. These were photographs that were provided by Defendant to DEA on May 9, 2009. The photographs provided by prosecutors did not give any indicia of when each photograph was taken, nor did the photographs indicate how long each photograph had been in electronic storage on Myspace.com's system. The only electronic date stamps on the photographs that were provided by prosecutors on CD was May 9, 2009 -- the date that Myspace.com provided the information to DEA without a warrant.

5. In late-2013, Plaintiff wrote to his sentencing judge to complain about his attorney's repeated refusal to allow Plaintiff's access to his discovery evidence related to his criminal case. See Attachment 1.

6. The judge forwarded that information to Plaintiff's criminal attorney advising him to provide said discovery. See Attachment 2.

7. In December 2013, Plaintiff's attorney provided the discovery evidence in his criminal case. See Attachment 3.

8. After thoroughly reviewing the discovery evidence and the photographs provided by Myspace.com, Plaintiff was able to recall the dates his photographs were taken, when Plaintiff had uploaded the photographs to his Myspace account, and how long the photographs were in electronic storage in Myspace.com's system.

9. Upon making this connection, it was only then that Plaintiff was able to realize that Myspace had violated the Stored Communications Act and its Myspace.com contractual agreement.

10. In July 2014, Plaintiff filed his timely instant civil action.

11. In September 2015, Plaintiff also filed his timely ineffective assistance of counsel claim in his criminal case under 28 U.S.C. § 2255 that directly related to Plaintiff's criminal attorney's denying Plaintiff access to his discovery evidence. See United States v. Aguiar, Case No. 2:09-cr-90, ECF 717 (D. Vt.).

## ARGUMENT

Defendant argues in its Reply that Plaintiff's Opposition presents no valid argument to defeat Defendant's Motion to Dismiss. Plaintiff argued that his attorney acted adversely to his interests. Plaintiff should not have to relitigate here how his lawyer was ineffective or acted against Plaintiff's interest when he violated Plaintiff's rights under the Sixth Amendment in his criminal proceedings.

Moreover, on March 21, 2011, prosecutors did not provide dates the Myspace photographs were taken or how long they had been stored electronically. Plaintiff, however, had exclusive knowledge of these dates. Thus, because of his attorney's adversely refusing to allow Plaintiff access to his discovery evidence until he was ordered to do so by the Court, it is clear that Plaintiff's attorney acted adversely to Plaintiff. This is the exception to Defendant's

argued notice between agent and principal Plaintiff referred to in his Opposition. These facts clearly defeat Defendant's Motion to Dismiss.

Plaintiff maintains that at this stage in the proceedings, Defendant's Motion to Dismiss is inappropriate. Nevertheless, Plaintiff also argues that whether its now or later, Defendant's Motion to Dismiss is without merit. In light of the facts above, Movant's claims in this case are timely. Accordingly, Plaintiff respectfully asks this Court to order Defendant to answer the Second Amended Complaint.

Respectfully submitted,

Dated: January 27, 2016

Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

# ATTACHMENT 1

Djw
11/12/13

Stephen Aguiar
#03722-082
FCI Petersburg
P.O. Box 1000
Petersburg, VA 23804
November 4, 2013

Honorable Judge William K. Sessions III
United States District Court
11 Elmwood Avenue
Burlington, VT 05401

RE: Case Number: 2:09-cr-090

Dear Judge Sessions,

I am writing to inform the Court that I am requesting you order my attorney to provide me with a complete CD or thumb drive of all discovery provided by the Government in my criminal case.

Mr. Williams has refused to provide me with any of my discovery since November of 2010. Since that time, I have continuously and repeatedly asked him to provide me with discovery and he continues to deny my requests. More recently, I have asked Mr. Williams to provide me with all the electronic discovery to me that was provided by the Government in its entirety either on a thumb drive or CD, but my repeated requests for even partial discovery continues to be denied. In turn, I even notified the clerks office and Lisa Wright told me that the Court cannot help me obtain these documents because they are not attornies even after I forwarded Mr. Williams refusal letter.

At present, I am incarcerated at the above penal institution. Prison Staff have an established protocol for viewing electronic discovery which is why I have asked Mr. Williams for copies of all electronic discovery provided by the U.S. Attorneys Office. However, my repeated requests are denied and the Court refuses to do anything about it. Therefore, I am requesting you order my attorney to compile all electronic discovery in my criminal case provided to him by the U.S. Attorneys Office, copy it to CD or thumb drive, and send it to me as I have requested.

Thank you for your attention in this matter.

Respectfully submitted,

[signature]

# ATTACHMENT 2

UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT
P.O. BOX 928
BURLINGTON, VERMONT 05402-0928
802-951-6350

Chambers of
WILLIAM K. SESSIONS III
U. S. District Judge

November 7, 2013

David J. Williams , Esq.
Jarvis, McArthur & Williams, LLC
95 St. Paul Street, Suite 2E
P.O. Box 902
Burlington, VT 05402-0902

RE: USA v. Stephen Aguiar
Docket No. 09-CR-90

Dear Attorney Williams:

I am enclosing a letter which Mr. Aguiar has sent to Judge Sessions. The Judge has instructed me to forward this letter to you with the hope that you would be able to respond to Mr. Aguiar.

Thank you.

Sincerely,

Elizabeth Evelti

Elizabeth A. Evelti
Judicial Assistant

EAE/

Enclosure

# ATTACHMENT 3

JARVIS, MCARTHUR & WILLIAMS, LLC
ATTORNEYS AT LAW
P. O. BOX 902
BURLINGTON, VERMONT 05402-0902

PAUL D. JARVIS
BROOKS G. MCARTHUR
DAVID J. WILLIAMS

www.jarvismcarthur.com
802-658-9411
FAX 802-658-3551

OFFICES LOCATED AT PARK PLAZA
SUITE 2E
95 ST. PAUL STREET
BURLINGTON, VERMONT

December 11, 2013

Stephen Aguiar
c/o J.L. Alderman, Unit Manager
FCI PETERSBURG MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 90026
PETERSBURG, VA 23804

Dear Steve:

Enclosed please find a thumb drive that includes the following materials:

1. Documents copied from Discovery Indexes 1-5, 7-9, 11-13 and 15.

2. Documents, recorded calls, video and audio recordings copied from CD's provided to me in discovery.

I have enclosed paper copies of the document included in Discovery Index 14. The prosecutor did not provide this material on a CD.

I have not been able to locate the CD for Indexes 6 and 10, but I will find copies and send them to you on a separate thumb drive.

I will also find copies of the other CD's and once I get them I will provide that material to you.

As you know, the prosecutors provided me with paper copies of the Giglio and Jencks material in late February 2011. As I have indicated I am not allowed to send you copies of that material. I am including an index of the documents that were provided to me, together with the cover letter.

As I have already explained to you, I will not be sending copies of that material to you.

Very Truly Yours,

David J. Williams

DJW:clp
Enclosures

## CERTIFICATE OF SERVICE

I, Stephen Handy Aguiar, hereby certify that I mailed a copy of the foregoing to Defendant's counsel of record, Jane A. Rhenheimer at: 1230 Columbia Street, Suite 920, San Diego, CA, 92101, via First Class United States Mail, postage prepaid.

Dated: January 27, 2016

Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

lex




RECEIVED
CLERK, U.S. DISTRICT COURT
[illegible] 2 2016
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

03722-082
U S Courthouse
Att: Court Clerk, Rm G-19
312 N Spring ST
Case 2:14-Cv-5520-Sjo/Pjw
LOS Angeles, CA 90012
United States