UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEPHEN HANDY AGUIAR,                 )    CASE NO. CV 14-5520-SJO (PJW)
                                      )
                Plaintiff,            )    AMENDED REPORT AND RECOMMENDATION
                                      )    RE: DEFENDANT'S MOTION TO DISMISS
        v.                            )    PLAINTIFF'S SECOND AMENDED
                                      )    COMPLAINT
MYSPACE INC.,                         )
                                      )
                Defendant.            )
                                      )
_____)

        This Amended Report and Recommendation is submitted to the Hon.
S. James Otero, United States District Judge, pursuant to 28 U.S.C.
§ 636 and General Order 05-07 of the United States District Court for
the Central District of California.  For the reasons discussed below,
it is recommended that Defendant's motion to dismiss be denied.[1]

                                    I.

                            SUMMARY OF FACTS

        In 2008, Plaintiff opened an account with MySpace, an "online
social media network where members develop personal web profiles to
interact, communicate and share photographs and other information with

_____

        [1]  The Court issues this Amended Report and Recommendation to
address Plaintiff's Objections to the original Report and
Recommendation.  The parties may file Objections to this Amended
Report if they choose to do so.

users." (Second Amended Complaint ("SAC") at ¶ 1.) When Plaintiff created this account, he entered into a user agreement with MySpace in which MySpace agreed to, among other things, protect the information he uploaded onto his account. (SAC at ¶ 2.)

In November 2008, MySpace launched a new photo album feature, which allowed users to upload photographs. (SAC at ¶ 4.) Soon thereafter, Plaintiff uploaded approximately 100 photographs to his account. (SAC at ¶ 5.)

In April 2009, the U.S. Drug Enforcement Administration ("DEA") was investigating Plaintiff and discovered that he had a MySpace account. (SAC at ¶ 6.) On April 24, 2009, DEA Special Agent Justin Couture served an administrative subpoena on MySpace, requesting:

> [N]ame, postal code, country, e-mail address, date of account creation, IP address at account sign-up, and logs showing IP address and date stamps for account accesses, photographs, friends, private messages over 180 days old and any other information available.

(SAC at ¶¶ 7, 8; Exh. A.)

Plaintiff alleges that, on May 9, 2009, MySpace provided Agent Couture with everything relating to the account, including photographs and other information that had not been on Plaintiff's account for at least 180 days. (SAC at ¶¶ 9-10, 12.) The photographs were used by the DEA to prosecute Plaintiff.[2]

---

[2] The Court has taken judicial notice of the files from Plaintiff's criminal trial. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.") *cert. denied,* 486 U.S. 1040 (1988); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (explaining court may consider pleadings in another case in deciding motion to dismiss). These records show that Plaintiff was present at trial when the government introduced his MySpace photographs. (*See U.S. v. Aguiar*, No. 09-CR-90, U.S. Dist. Ct. Vermont, Doc, No. 737-1, Exhs. A-C.) Interestingly, they also include

II.

ANALYSIS

Plaintiff brings this action against MySpace for breach of contract and for a violation of the Electronic Communications Privacy Act/Stored Communications Act (collectively referred to as the "SCA"). He alleges that MySpace breached its contractual promise to maintain his privacy when it turned over more information than was required by the subpoena.  He also alleges that, by turning over the additional information, MySpace breached the SCA.  Defendant MySpace moves to dismiss both claims on the ground that Plaintiff filed the Complaint after the statute of limitations had run.  For the reasons set forth below, Defendant's motion is denied.[3]

---

trial counsel's reasoning for not moving to suppress the MySpace photographs before trial, i.e., because Plaintiff had posted them on his public MySpace page, meaning anyone had access to them, which defense counsel understood to mean that, even if the court agreed that the photographs did not fall within the scope of the subpoena, the government would have still been able to introduce them at trial. (*Id.,* Exh. A.)

     [3]  Plaintiff contends that the photographs and data MySpace turned over were outside the scope of the subpoena because they were less than 180 days old.  As the Court reads the subpoena, however, the language limiting production applied only to private messages less than 180 days old, not all material less than 180 days old.  *See Lockhart v. United States*, 136 S.Ct. 958, 963 (2016) (explaining rule of last antecedent, i.e., a limiting clause or phrase only modifies the noun or phrase it immediately follows).  As Plaintiff is only objecting to the photographs MySpace turned over, it appears that they fell within the scope of the subpoena and, therefore, MySpace could not have violated the SCA when it produced them.  Reading the SAC in a light most favorable to Plaintiff, however, the Court will assume for purposes of the motion that MySpace should not have turned over the photographs.

1       1.   Standard of Review

2           Federal Rule of Civil Procedure 12 provides that the Court may

3   dismiss a complaint that fails to state a claim upon which relief can

4   be granted.   In reviewing a motion to dismiss, the Court accepts as

5   true the factual allegations contained in the complaint and views all

6   inferences in a light most favorable to the plaintiff.   *See Erickson*

7   *v. Pardus*, 551 U.S. 89, 94 (2007); *Lee v. City of Los Angeles*, 250

8   F.3d 668, 679 (9th Cir. 2001).   The court does not, however, "accept

9   as true allegations that are merely conclusory, unwarranted deductions

10  of fact, or unreasonable inferences."   *See Sprewell v. Golden State*

11  *Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001), *amended on other*

12  *grounds by* 275 F.3d 1187 (2001).   Because Plaintiff is proceeding *pro*

13  *se*, the court construes the pleadings liberally.   *See Barrett v.*

14  *Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

15      2.   Discussion

16          A.   Plaintiff's Breach of Contract Claim is Not Barred By

17               the Four-Year Statute of Limitations

18          Defendant argues that Plaintiff's breach of contract claim is

19  untimely.   (Motion at 8.)   For the following reasons, the Court

20  disagrees.

21          Contract claims in California are governed by a four-year statute

22  of limitations.   Cal. Code Civ. Pro. § 337(1).   That four-year period

23  begins to run when a party knows of or should have known of a breach.

24  *NBCUniversal Media, LLC v. Superior Court*, 225 Cal.App.4th 1222, 1232

25  (2014).   Where a breach is not obvious, the statute of limitations

26  does not begin to run "until the plaintiff discovers, or has reason to

27  discover, the cause of action."   *Id*.

28

4

1    Using the April 2011 trial date in the criminal case as the date
2  Plaintiff had reason to discover the breach, Plaintiff had until April
3  2015 to sue.  Plaintiff filed this action in July 2014, well before
4  that date.[4]

5    Defendant argues that Plaintiff constructively knew about the
6  breach when his attorney was given the MySpace materials in discovery,
7  before the criminal trial began, since his attorney was acting as his
8  agent at that time. *See, e.g., Veal v. Geraci*, 23 F.3d 722, 725 (2nd
9  Cir. 1994) (holding attorney's knowledge can be imputed to client
10 under agency theory).  Defendant guesses that this occurred sometime
11 before March 2010.  Defendant points out that "Plaintiff presents no
12 facts whatsoever that the Attorney General's office failed, at any
13 time, to provide his defense attorney with the records subpoenaed from
14 Defendant."  (Reply at 3.)

15    Defendant's supposition that the prosecutor must have turned over
16 to defense counsel a copy of the MySpace subpoena and the photographs
17 prior to March 2010 is not clear from the pleadings in the criminal
18 case or the pending civil case.  Though it is not unreasonable for
19 Defendant to assume that the production occurred before trial, the
20 Court cannot say based on this record when that happened.  Thus, even
21 were the Court inclined to impute counsel's knowledge to Plaintiff, as
22 MySpace asks the Court to do, it would still not conclude that
23 Defendant was entitled to dismissal because the Court cannot tell from
24 the pleadings when Plaintiff's lawyer received the MySpace discovery
25 from the prosecutor.

26

27

28    [4]  The Court is using the April 2011 trial date since Plaintiff
     was present at his trial when the MySpace evidence was introduced.

1
2

        **B.**   <u>Plaintiff is Entitled to Equitable Tolling of the</u>
             <u>Statute of Limitations for the SCA Claims</u>

3        Defendant MySpace moves to dismiss Plaintiff's SCA claim on the

4  ground that the two-year statute of limitations expired before he

5  filed the Complaint in July 2014.  (Defendant's Motion to Dismiss

6  ("Motion") at 4-8.)  Plaintiff opposes the motion, arguing that his

7  suit was timely because he did not discover the violation until 2013,

8  less than two years before he filed the action.  (Plaintiff's

9  Opposition to Motion ("Opposition").)  For the reasons set forth

10  below, the Court concludes that MySpace is not entitled to dismissal

11  of the SCA claim.

12      The SCA has a two-year statute of limitations.  18 U.S.C.

13  § 2707(f); *Maddalena v. Toole*, 2013 WL 5491869, at *4 (C.D. Cal. Oct.

14  1, 2013) (explaining SCA claims must be raised within two years of the

15  discovery of the violation or the reasonable opportunity to discover

16  them).  MySpace provided the DEA with Plaintiff's materials in 2009.

17  (SAC at ¶ 9.)  MySpace presumes that the government turned the

18  materials over to Plaintiff's counsel soon thereafter and argues that

19  the statute of limitations expired two years after that because

20  Plaintiff was constructively on notice that his lawyer had received

21  them.

22      Plaintiff responds that he did not see the subpoena until he

23  received his lawyer's files in 2013 and discovered that MySpace had

24  obtained the photographs using a subpoena that did not authorize

25  release of the photographs.  (Opposition at 1, 3.)  In his view, until

26  he actually saw the subpoena, the limitations period did not begin to

27  run.

28

This argument is rejected.  Plaintiff was present at his criminal trial in April 2011 when the government introduced his MySpace photographs.  (Reply at 2; Motion Exh. 4; *see* Compl. at ¶ 18 ("[the Government] used that material anyway in Plaintiff's investigation and trial").)  The fact that he may not have seen the subpoena at that time and/or understood that MySpace produced the photographs to the government pursuant to a subpoena is not controlling.  Plaintiff knew that the photographs were being used at his trial and, therefore, the statute of limitations began to run then.  *See Sewell v. Bernardin*, 795 F.3d 337, 340 (2d Cir. 2015) ("[SCA] limitations period begins to run when the plaintiff discovers that, or has information that would motivate a reasonable person to investigate"); *Thoele v. Abbott*, 2015 WL 8516676, at *1 (W.D. Tex. Dec. 11, 2015) (concluding defendant in criminal case would have a reasonable opportunity to discover the potential violation of the SCA no later than the date of his conviction).

Plaintiff disagrees.  He contends in his Objections to the Report and Recommendation that the statute of limitations should not have started running at his trial because he assumed at the time that the DEA obtained the photographs with a valid search warrant.  He complains that he did not realize that they were produced in response to the subpoena until long after the trial was over.  (Objections at 4.)  This argument is also rejected.  Plaintiff knew at trial that the photographs came from his MySpace account and could have and should have investigated how the prosecution obtained them at that time.

Plaintiff counters that his efforts to uncover how the government obtained the photographs were thwarted by his criminal defense lawyer, who repeatedly refused to provide him with the records in his case,

7

1  including the DEA subpoena to MySpace.  (Objections at 8.)  Plaintiff
2  argues that he is entitled to equitable tolling for the period he
3  diligently pursued these records from his lawyer and his lawyer
4  refused to produce them.

5      Generally speaking, statutes of limitations are subject to
6  equitable tolling.  *United States v. Locke*, 471 U.S. 84, 94 n. 10
7  (1985).  Equitable tolling provides relief to a party who is prevented
8  from timely pursuing his rights due to circumstances beyond his
9  control.  It is an extraordinary remedy and requires an extraordinary
10 showing to merit relief.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S.
11 89, 96 (1990); *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).
12 It is Plaintiff's burden to prove entitlement to equitable tolling.
13 *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

14     Federal courts apply the forum state's equitable tolling laws.
15 *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999).  Under California
16 law, a plaintiff must meet three conditions to be entitled to
17 equitable tolling: "(1) defendant must have had timely notice of the
18 claim; (2) defendant must not be prejudiced by being required to
19 defend the otherwise barred claim; and (3) plaintiff's conduct must
20 have been reasonable and in good faith."  *Bacon v. City of Los
21 Angeles*, 843 F.2d 372, 374 (9th Cir. 1988); *Addison v. State*, 21
22 Cal.3d 313, 319 (1978); *Fink,* 192 F.3d at 916; *Hull v. Central
23 Pathology Serv. Med. Clinic*, 28 Cal. App.4th 1328, 1335 (Cal. Ct. App.
24 1994); *and see Ransom v. Westphal*, 2009 WL 3756354, at *3 (E.D. Cal.
25 Nov. 6, 2009); *McGee v. Chamberlain,* 2013 WL 5353079, at *2 (S.D.
26 Cal. Sept. 23, 2013).

27     It is not clear from the pleadings whether MySpace had timely
28 notice of Plaintiff's claim.  Neither side addressed the issue.

Obviously, it is a question of fact and one not generally resolved on a motion to dismiss. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (explaining equitable tolling "ordinarily requires reference to matters outside the pleadings, and is not generally amenable to resolution on a Rule 12(b)(6) motion").  Though it was Plaintiff's burden to establish this element, the Court notes that he is proceeding pro se and that discovery has not commenced.

The Court also notes that, though neither side addressed prejudice, it does not appear that MySpace could show the type of prejudice that would warrant dismissal of Plaintiff's equitable tolling claim as it will be required to defend against Plaintiff's contract claim even if the SCA claim is dismissed.

Finally, as to the reasonableness of Plaintiff's efforts, Plaintiff argues that he tried hard to obtain his files from his lawyer to obtain the evidence and that his lawyer repeatedly failed to turn it over.  (Objections at 8.)  The record from the criminal trial seems to support this contention.  It contains letters from Plaintiff to his counsel asking for the files and other letters to the trial court seeking assistance in obtaining the files from counsel.  At the very least, Plaintiff has raised a question of fact on this issue and the Court is not inclined to reach the merits on a motion to dismiss. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006);; *Thompson v. California Fair Plan Ass'n*, 221 Cal.App.3d 760, 766 (1990) (holding equitable tolling requires court to decide more than simply issues of law).  MySpace may, if it chooses, renew its call for dismissal of this claim in a motion for summary judgment.

III.

RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting this Report and Recommendation; (2) denying Defendant's motion to dismiss the breach of contract and SCA claims.[5]


DATED: September 14, 2016


_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\AGUIAR\Amended R&R MTD SAC.wpd

---

[5] Plaintiff filed a Surreply along with a request for permission to do so. (Doc. No. 32.)  Defendant objected and argued that the Court should not allow the Surreply. (Doc. No. 33.)  The Court has read and considered the surreply and hereby grants Plaintiff's request to file it, over Defendant's objections.  It has not altered the ultimate decision on this motion.