STEPHEN HANDY AGUIAR
Reg. No. 03722-082
LEGAL MAIL - OPEN ONLY IN PRESENCE OF INMATE
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA  23804



IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

STEPHEN HANDY AGUIAR,  )  Case No. 2:14-cv-05520-SJO (PJW)
    Plaintiff,  )
      )  MOTION FOR DEFAULT JUDGMENT
      )  AND PLAINTIFF'S STATEMENT OF
v.  )  DAMAGES PURSUANT TO COURT'S
      )  ENTRY OF DEFAULT
      )
LEGACY VISION, LLC, et al.,[1]  )  (Fed. R. Civ. P. 55(b)(2))
      )
    Defendants.  )

## I. Summary

On December 22, 2016, the Court held a telephonic hearing to consider pending motions before the Court that included Plaintiff Stephen Handy Aguiar's declaration and application for entry of default against MySpace, LLC[2] under Fed. R. Civ. P. 55. ECF 47.

Additional pending motions before the Court were Plaintiff's motion to add/substitute Legacy Vision, LLC as a defendant, ECF 46, and counsel for Defendant's motion to withdraw. ECF 45.

---

[1] The Court has granted Plaintiff's motion to substitute Legacy Vision, LLC in place of MySpace, LLC and such amendment has therefore been made here.

[2] In March 2016, MySpace, LLC changed its name to Legacy Vision, LLC. It notified neither the Plaintiff nor the Court.

On December 22, 2016, Plaintiff, Stephen Handy Aguiar, and Defendant's counsel of record, Jane A. Rheinheimer, appeared at the telephonic hearing.[3] First, the Court denied Attorney Rheinheimer's motion to withdraw as counsel for the Defendant. ECF 49. Second, the Court granted Plaintiff's motion to add/substitute Legacy Vision, LLC, formerly MySpace, LLC, as the Defendant. Id. Such amendment has been made here. See supra at 1 n.1. Last, the Court granted Plaintiff's motion for entry of default against the Defendant. Id. The Court then made inquiries concerning Plaintiff's damages and instructed Plaintiff to submit those claims to the Court.

II. Damages

The record shows that Plaintiff, Stephen Handy Aguiar, has brought two claims against the Defendant for: (1) breach of contract under California law and (2) violation of the Stored Communications Act ("SCA"), 18 U.S.C. § 2701 et seq.

In the years prior to and at the time of Plaintiff's July 2009 arrest, see Ex. A (court-filed presentence investigation report ["PSR"] detailing Plaintiff's July 2009 arrest and continuous detention), Plaintiff was lawfully employed. See Ex. B (court-filed PSR detailing Plaintiff's verfied employment and income in the years prior to his arrest). Plaintiff's arrest and conviction are based, in part, on Defendant's conduct and violations of its user

---

[3] In its December 20, 2016 Order, see ECF 48, the Court also ordered that counsel for Legacy Vision, LLC must also appear as well as a representative from both MySpace and Legacy Vision adding that that representative can be the same person if appropriate. None of these individuals appeared thus violating this Court's Order. During the hearing, the Court recognized that these individuals were in contempt of Court.

2

agreement [contract] with Plaintiff and the SCA. Defendant was also paid by the government to compensate Defendant's unlawful May 2009 production of Plaintiff's MySpace.com user account information to the Drug Enforcement Administration ("DEA"). Plaintiff has been incarcerated for over seven years from July 2009 to the present. See Ex. A. Plaintiff is presently attacking his criminal conviction based on Defendant's inappropriate production of Plaintiff's MySpace.com user account information to the government. See ECF 717, United States v. Aguiar, Case No. 2:09-cr-90 (D. Vt. Dec. 16, 2011).

Accordingly, Plaintiff asks this Court to award Plaintiff:

1. $100,000. lost wages, nominal, and compensatory damages
2.    50,000. statutory damages: 18 U.S.C. § 2707
3.    50,000. punitive damages
4.       450. court costs

$200,450. total

In assessing damages and Plaintiff's claims, Plaintiff asks the Court to also consider Defendants' prejudicial conduct in hindering the record from being fully developed and this case from being adjudicated on the merits. Plaintiff further asks that the Court consider that Defendant's 2009 conduct giving rise to Plaintiff's claims violated California's Business and Professional Code § 17200 et seq. and California's Invasion of Privacy Act, Cal. Penal Code § 637.2(a)(requiring a statutory minimum award of $5,000.).

Respectfully submitted,

Dated: January 5, 2017

Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA  23804

## CERTIFICATE OF SERVICE

I, Stephen Handy Aguiar, do hereby certify that I caused a copy of the foregoing Motion for Default Judgment and Plaintiff's Statement of Damages Pursuant to Court's Entry of Default to be served on Defendant's counsel of record by mailing a copy of the foregoing via First Class U.S. Mail with postage fully prepaid to:

Jane A. Rheinheimer
Attorney at Law
1230 Columbia Street, Suite 920
San Diego, CA  92101

Dated: January 5, 2017

_____
Stephen Handy Aguiar
Reg. No. 03722-082
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA  23804


## VERIFICATION

I, Stephen Handy Aguiar, do hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: January 5, 2017

_____
Stephen Handy Aguiar

# EXHIBIT A

## PART A. THE OFFENSE

<u>Charge(s) and Conviction(s)</u>

1. On July 29, 2009, an investigator with the Vermont Drug Task Force filed a criminal complaint charging that between December 2008 and July 2009, in the District of Vermont, Stephen Aguiar, Brian Tahair, Jessica Adcock, Daniel Reyes, Lisa Foy, Jeremy Mackenzie, Herbert Lawrence, Franklin Grant, William Murray and Jason Opalenik, conspired among themselves and others, known and unknown, to knowingly and intentionally distribute cocaine and heroin, Schedule I and II controlled substances, in violation of 21 U.S.C. § 841(a); 846. United States Magistrate Judge John M. Conroy subsequently issued a warrant for the defendants' arrests.

2. On July 30, 2009, Stephen Aguiar was arrested and subsequently appeared before United States Magistrate Judge John M. Conroy on July 31, 2009 for initial appearance and arraignment. The Court entered a not guilty plea on Aguiar's behalf and ordered him temporarily detained pending appointment of counsel.

3. On August 5, 2009, Stephen Aguiar appeared before United States Magistrate Judge John M. Conroy for a detention hearing and the Court granted a motion for pretrial detention filed by the government.

4. On August 13, 2009, the Grand Jury in Burlington, Vermont returned a four count Indictment charging Stephen Aguiar, William Murray, Herbert "Buddy" Lawrence, Brian Tahair and Franklin Grant with controlled substance violations. Stephen Aguiar, the defendant herein, was charged with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 846; and two substantive cocaine distribution counts, in violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.

5. On August 27, 2009, the federal Grand Jury in Burlington, Vermont returned a five count Superseding Indictment charging Stephen Aguiar, William Murray, Herbert "Buddy" Lawrence, Brian Tahair, Franklin Grant, Lisa Foy, Jessica Adcock, Jason Opalenik, Daniel Reyes, and Jeremy Mackenzie with controlled substance violations. Stephen Aguiar, the defendant herein, was charged with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 846; and three substantive cocaine distribution counts, in violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.

6. On March 11, 2010, the federal Grand Jury in Burlington, Vermont returned a Second Superseding Indictment on charging Stephen Aguiar, William Murray, Herbert Lawrence, Brian Tahair, Franklin Grant, Lisa Foy, Jessica Adcock, Jason Opalenik, Daniel Reyes, Jeremy Mackenzie and Cory Whitcomb with eleven counts of controlled substance violations and a forfeiture allegation. Stephen Aguiar, the defendant herein, was charged with conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846; 841(b)(1)(B); and eight substantive cocaine distribution counts, in violation of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2.

7. On August 10, 2010, the Grand Jury in Burlington, Vermont returned a Third Superseding Indictment charging Stephen Aguiar, William Murray, Herbert "Buddy" Lawrence, and Corey Whitcomb with controlled substance violations and a forfeiture allegation. The conspiracy count charged in count one was amended as to involve 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; 841(b)(1)(A). The remaining counts were unchanged.

8. On February 11, 2011, the United States Attorney's Office filed a Information pursuant to 21 U.S.C. § 851, providing notice of the government's reliance on the following conviction for enhanced penalties at sentencing: <u>United States v. Stephen Aguiar</u> – Possession with Intent to Distribute Heroin; U.S. District Court, District of Vermont, Dkt. No. 2:00-CR-119-01.

9. On March 3, 2011, the Grand Jury in Burlington, Vermont returned a Fourth Superseding Indictment charging Stephen Aguiar, William Murray and Corey Whitcomb with controlled substance violations and a forfeiture allegation. The substantive charges against Stephen Aguiar remained unchanged.

10. From March 28, 2011 to April 11, 2011, United States District Judge William K. Sessions III presided over an eleven day jury trial on the Fourth Superseding Indictment. During the jury trial, United States District Judge William K. Sessions III granted government motions to dismiss counts three and eight of the Fourth Superseding Indictment[1]. On April 11, 2011, the jury returned guilty verdicts on counts one through seven. The Court continued the previously imposed detention order and scheduled sentencing for December 12, 2011.

# EXHIBIT B

137. During his most recent term of supervised release, Stephen Aguiar completed a drug court program in the District of Massachusetts. The probation officer is awaiting further information.

Educational and Vocational Skills

138. On June 14, 1989, Stephen Aguiar graduated from the Pinehenge School at Élan in Poland, Maine. Given the number of years that have passed since the time of his graduation, officials with the Pinehenge School were unable to provide additional information.

139. During the summer of 1991 and the spring semester of 1992, Stephen Aguiar was enrolled at Champlain College in Burlington, Vermont. The Champlain College Registrar's Office reported that Aguiar was enrolled for two semesters and did not complete any credits.

140. From January 1993 to December of 1993, Stephen Aguiar was enrolled at the Community College of Vermont (CCV) in Burlington, Vermont. Outside of verifying his attendance, officials with CCV provided no further information.

141. On April 16, 2004, Stephen Aguiar received certification from the National Federation of Professional Trainers (NFPT). Officials with the NFPT reported that Aguiar was diligent in maintaining his certification until he reached his renewal date on May 1, 2011.

Employment Record

142. From 2006 until hist arrest in July 2009, Stephen Aguiar was primarily employed as a certified personal trainer for a number of Boston area health clubs. According to records obtained from the Social Security Administration, Aguiar's work history is summarized as follows:

| Year | Employer | Annual Income |
|---|---|---|
| 2009 | Dollar Tree Stores, Inc., Chesapeake, Virginia<br>Management Health Corp., Inc., Holbrook, Massachusetts<br>S&S Credit Co., Inc., Quincy, Massachusetts | $4,731.71 |
| 2008 | Management Health Corp., Inc., Holbrook, Massachusetts<br>Super Fitness Centers, Inc., Toledo, Ohio<br>South Shore YMCA, Quincy, Massachusetts<br>Boston Young Men's Christian Union, Boston, Massachusetts | $7,973.89 |

| | | |
|---|---|---|
| 2007 | Boston Young Men's Christian Union, Boston, Massachusetts | $26,732.65 |
| 2006 | Boston Young Men's Christian Union, Boston, Massachusetts | $3,257.50 |

Financial Condition: Ability To Pay

143. On June 3, 2011, Stephen Aguiar executed signed financial declaration forms supporting the following financial profile. The defendant reported that due to his present state of incarceration, he has no assets or liabilities. With respect to assets, Aguiar reported that the government seized all of the assets he accumulated while on supervised release. He stated that he would rely upon the results of his credit report to declare his liabilities. The results of credit bureau queries reveal an outstanding Citibank credit card with a balance of $23,000.

144. In consideration of the defendant's limited economic resources and the severity of the applicable guideline fine range, it is evident that he has demonstrated an inability to pay a fine.

## PART D. SENTENCING OPTIONS

145. Pursuant to the decisions of the Supreme Court in United States v. Booker, 125 S. Ct. 738 (2005), and Gall v. United States, 128 S. Ct. 586 (2007), and the Second Circuit Court of Appeals' decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the following guideline provisions are not mandatory, but are provided for the Court's consideration in determining an appropriate sentence in this case.

Custody

146. **Statutory Provisions:** The authorized term of imprisonment for count one of the Redacted Fourth Superseding Indictment is not less than 20 years up to life. 21 U.S.C. §§ 846; 841(b)(1)(A); 851. The authorized terms of imprisonment for counts two through seven of the Redacted Fourth Superseding Indictment is not more than 30 years. 21 U.S.C. §§ 841(b)(1)(C); 851.

147. **Guideline Provisions:** The guideline imprisonment range for an offense level of 37 and a criminal history category of VI is 360 months to life.

Impact of Plea Agreement

148. There is no plea agreement associated with this case.

Stephen Handy Aguiar
Reg. No. 03722-082
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804



RECEIVED
CLERK, U.S. DISTRICT COURT
JAN - 6 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

⇔03722-082⇔
U S Courthouse
Att: Court Clerk, Rm G-19
312 N Spring ST
Case 2:14-Cv-5520-Sjo/Pjw
LOS Angeles, CA 90012
United States