1

**LTL ATTORNEYS LLP**

2

James M. Lee (Bar No. 192301)
  james.lee@ltlattorneys.com

3

Aaron Kollitz (Bar No. 238580)
  aaron.kollitz@ltlattorneys.com

4

Timothy Fox (Bar No. 280918)
  timothy.fox@ltlattorneys.com

5

300 South Grand Avenue, 14th Floor

6

Los Angeles, CA 90071

7

Tel: (213) 612-8900
Fax: (213) 612-3773

8

9

Attorneys for Proposed Intervenor
Myspace LLC

10

**UNITED STATES DISTRICT COURT**

11

**CENTRAL DISTRICT OF CALIFORNIA**

12

13

STEPHEN HANDY AGUIAR,

14

Plaintiff,

15

v.

16

MYSPACE INC., aka LEGACY

17

VISION, LLC

18

19

Defendants.

20

21

22

23

24

25

26

27

28

CASE NO.: 2:14-CV-05520-SJO-PJWx

Judge: Hon. S. James Otero
       Hon. Patrick J. Walsh

**PROPOSED INTERVENOR MYSPACE LLC'S *EX PARTE* APPLICATION FOR AN ORDER TO STAY ENTRY OF A DEFAULT JUDGMENT AGAINST "MYSPACE LLC" AND FOR A BRIEFING SCHEDULE FOR ITS MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES**

*[Filed concurrently with Declaration Of James M. Lee; and [Proposed] Order]*

Action Filed:   July 16, 2014
Hearing Date:   None Set

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Proposed Intervenor Myspace LLC ("Proposed Intervenor") hereby applies *ex parte* for an order staying entry of any judgment in this lawsuit against "Myspace LLC" pending a ruling on Proposed Intervenor's forthcoming Motion to Intervene as well as an order setting a briefing schedule for Proposed Intervornor's motion to intervene.

The basis for this Application is that Plaintiff obtained a default judgment against an entity that formerly operated under the name "Myspace LLC" but now operates under the name Legacy Vision LLC ("Legacy Vision"). After Legacy Vision ceased using the "Myspace LLC" name, Proposed Intervenor acquired the rights to, and began operating under, the name "Myspace LLC." Thus, a completely new and separate entity now operates under the "Myspace LLC" name. However, Plaintiff is requesting this Court enter a default judgment against "Myspace LLC" despite the fact that Proposed Intervenor has never been joined in this litigation. Accordingly, if entry of Plaintiff's default judgment is not stayed in order to allow Proposed Intervenor time to intervene in this action, Proposed Intervenor will suffer significant harm as Plaintiff will be able to enforce its judgment against Proposed Intervenor, even though Proposed Intervenor was never a party to this lawsuit and was therefore never provided the opportunity to defend itself. This would constitute a clear violation of Proposed Intervenor's due process rights.

Proposed Intervenor attempted to resolve this issue informally with Plaintiff. Proposed Intervenor explained to Plaintiff's counsel the previously-referenced facts and the urgency regarding the same and requested a phone conference the following day. However, Plaintiff's counsel was unavailable to discuss this matter until later in the week. Plaintiff's counsel also would not agree to stipulate to a stay in this matter in the interim. Despite the risk of any delay, Proposed Intervenor waited until Plaintiff's counsel was available to discuss this matter in the hopes that Plaintiff's counsel would

EX PARTE APPLICATION FOR A STAY OF ENTRY OF A DEFAULT JUDGMENT AGAINST "MYSPACE LLC" AND FOR A BRIEFING SCHEDULE ON A MOTION TO INTERVENE

agree with Proposed Intervenor's justifiable concerns.  However, following a phone conference with Plaintiff's counsel it was made clear that Plaintiff would not voluntarily agree to Proposed Intervenor's request.  Accordingly, as there is not adequate time for Proposed Intervenor's request to be heard as a regularly-noticed motion, Proposed Intervenor seeks *ex parte* relief from the Court to stay entry of a default judgment against "Myspace LLC" and to set a briefing schedule for a forthcoming motion to intervene in this matter.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of James M. Lee, and the records and pleadings on file in this case, and any other matters that the Court may consider, including oral argument of counsel.

## COMPLIANCE WITH LOCAL RULE 17-9

Pursuant to Local Rule 17-9, notice of this Application was given on February 14, 2017 to Plaintiff's counsel of record, Caleb Mason of Brown White & Osborn LLP via email (cmason@brownwhitelaw.com).  Declaration of James Lee ("Lee Decl.") ¶ 3, Exh. A.  Additional notice was provided via subsequent email communications between Proposed Intervenor and Plaintiff's counsel.  *Id.* at ¶ 4, Exh. B.  The parties subsequently engaged in telephonic meet and confer on February 16, 2017, during which notice of this *ex parte* Application was again provided.  *Id.* at ¶ 6.  Plaintiff indicated he would oppose this *ex parte* Application.  *Id.* at ¶ 7.  Plaintiff's counsel's phone number is 213-406-2949.  *Id.* at ¶ 6.

DATED: February 16, 2017

**LTL ATTORNEYS LLP**

By: /s/ James M. Lee
     James M. Lee
     Aaron Kollitz
     Timothy Fox
     Attorneys for Proposed Intervenor
     Myspace LLC

EX PARTE APPLICATION FOR A STAY OF ENTRY OF A DEFAULT JUDGMENT AGAINST "MYSPACE LLC" AND FOR A BRIEFING SCHEDULE ON A MOTION TO INTERVENE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

By this *Ex Parte* Application, Proposed Intervenor Myspace LLC ("Proposed Intervenor") requests: (1) an immediate stay of entry of a default judgment in this action against any entity operating as "Myspace LLC;" and (2) an order from the Court for a briefing schedule for Proposed Intervenor to bring a motion to intervene to address the arguments raised in Plaintiff's Supplement to his Motion for Default Judgment [Dkt. 67] ("Supplement").

For the first time in his Supplement, Plaintiff seeks to hold Proposed Intervenor liable for actions Plaintiff alleges were committed by an entity that previously operated under the name "Myspace LLC" but now operates under the name Legacy Vision LLC ("Legacy Vision").  However, Plaintiff's attempt to hold Proposed Intervenor liable for Legacy Vision's actions is both procedurally flawed and factually incorrect.

Plaintiff's conduct is procedurally improper as Plaintiff has never served Proposed Intervenor with this lawsuit or attempted to join it as a defendant.  Rather, Plaintiff has sought to hold Proposed Intervenor liable for Legacy Vision's actions based solely on a Supplement that is procedurally questionable and which puts forward numerous unsupported and incorrect factual assertions in an attempt to hold Proposed Intervenor liable for Legacy Vision's conduct.  Notably, this Supplement was never served on Proposed Intervenor and Proposed Intervenor was never provided notice by Plaintiff of his intent to hold it liable for Legacy Vision's actions.

Ignoring these fatal procedural deficiencies, Plaintiff's factual argument fares no better.  Plaintiff's allegations of successor liability on the part of Proposed Intervenor are based almost entirely on unverified internet sources, conjecture, and hyperbole.  Moreover, even assuming the accuracy of these sources, Plaintiff's own allegations contradict his claim of successor liability as he acknowledges that there was no direct sale of assets from Legacy Vision to Proposed Intervenor.  Accordingly, Plaintiff cannot

allege that Proposed Intervenor is a mere continuation of Legacy Vision. *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1151 (9th Cir. 2004) (continuation doctrine requires a direct sale of assets between predecessor and successor corporations).

Accordingly, as Plaintiff's attempt to assert liability against Proposed Intervenor is both procedurally improper and factually incorrect, Proposed Intervenor requests that the Court stay entry of any default judgment against it and set a briefing schedule for it to bring a motion to intervene to address these issues.

## II.   STATEMENT OF FACTS

Plaintiff filed a lawsuit against the entity then operating as "Myspace LLC" in July 2014. Dkt. 1. In March 2016, Plaintiff acknowledges this entity changed its name to "Legacy Vision LLC." Dkt. 67-2 (Declaration of Scott J. Hunter ("Hunter Decl.")) at ¶ 12, Exh. K. Subsequently, in March 2016, Proposed Intervenor formed as a separate company operating under the name "Myspace LLC." Dkt. 67-2 ("Hunter Decl.") at ¶¶ 13, 14, Exh. L, M.

On December 5, 2016, Plaintiff filed a motion to join or substitute Legacy Vision as a defendant. Dkt. 46. Also on December 5, 2016, Plaintiff sought entry of a default judgment against "Defendants" (sic) without specifying the name of the defendant for which default was sought. Dkt. 47. On December 22, 2016, the Court held a hearing on Plaintiff's motion to join or substitute Legacy Vision and his request for entry of default. Dkt. 50. On December 28, 2016, the Clerk of this Court entered a default against "Myspace, Inc. aka Legacy Vision LLC." Dkt. 51.

On January 6, 2017, Plaintiff filed a Motion for Default Judgment specifically amending his request for a default judgment to have it entered against Legacy Vision. Dkt. 53 at 1, n.1.[1] On January 26, 2017, the Court ordered that any opposition to Plaintiff's Motion for Default Judgment be filed by February 6, 2017, and any reply by

---

[1] Plaintiff's Motion for a Default Judgment suffers from numerous evidentiary and procedural issues that have not been addressed.

1   February 13, 2017. Dkt. 58. On February 3, 2017, Plaintiff retained counsel to represent

2   himself in this action. Dkts. 60, 61. On February 6, 2017, Counsel for Legacy Vision,

3   Jane Rheinheimer, filed a declaration stating she was unable to respond to Plaintiff's

4   request for a default judgment as she could no longer communicate with Legacy Vision.

5   Dkt. 62. On February 10, 2017, Plaintiff filed a request to correct the default entered by

6   the Clerk of the Court to name "Myspace LLC" as a judgment debtor along with a

7   Supplement to Plaintiff's Motion for Default Judgment. Dkts. 64-67. In these filings,

8   Plaintiff seeks entry of a default judgment against Proposed Intervenor for the first time.

9   *See id.* Notably, Plaintiff did not seek leave of the Court to file his Supplement or ever

10  provide Proposed Intervenor notice of his intent to seek a default judgment against it.

11          On February 14, 2017, in an attempt to resolve this issue informally, Proposed

12  Intervenor sent a letter to Plaintiff's counsel explaining in detail the pertinent facts as to

13  why it is not a proper judgment debtor in this action and requesting that Plaintiff amend

14  his Supplement to correct the numerous factual inaccuracies contained therein and

15  withdraw his attempt to name "Myspace LLC" as a judgment debtor in this action.

16  Declaration of James Lee ("Lee Decl.") ¶ 3, Exh. A. In this letter, Proposed Intervenor

17  requested the parties discuss this matter by 3:00 p.m. on February 15, 2017, and

18  explained that failure to do so would leave Proposed Intervenor no alternative but to seek

19  *ex parte* relief. *Id.* Plaintiff's counsel responded that he was unavailable to discuss the

20  matter until February 16, 2017. *Id.* at ¶ 4, Exh. B. In response, Proposed Intervenor

21  requested that Plaintiff agree to stay seeking entry of a default judgment against it to

22  allow it time to intervene in this action. *Id.* Plaintiff refused this request and stated that

23  he would oppose any *ex parte* Application. *Id.* at ¶¶ 4-7, Exh. B. On February 16, 2017,

24  the parties engaged in a telephonic meet and confer. *Id.* at ¶ 6. During this call, the

25  parties discussed the basis for this *ex parte* Application and grounds for intervention.

26  Plaintiff disagreed with these basis and refused to agree to a stay to allow Proposed

27  Intervenor time to intervene. *Id.* at 5. This *ex parte* Application followed.

28

## III.   ARGUMENT

### A. Proposed Intervenor Could Not Have Sought to Intervene Sooner

In response to this *ex parte* Application, Plaintiff will almost certainly attempt to argue either that Proposed Intervenor is already part of this litigation as a successor in liability to Legacy Vision or that Proposed Intervenor needlessly waited to intervene in this action.  Plaintiff is wrong on both fronts.

As to the first argument, Plaintiff puts forward no admissible or credible evidence that Proposed Intervenor is in fact a successor to Legacy Vision's purported liability to Plaintiff.  To the contrary, Plaintiff takes a quantity over quality approach in presenting evidence by citing to 25 exhibits, consisting largely of unverified websites, to support his claim of successor liability.  *See* Dkt. 67-2 ("Hunter Decl.").[2]  Even assuming these exhibits were credible and admissible, Plaintiff's own allegations preclude any claim for successor liability on the part of Proposed Intervenor.

This is because as Plaintiff acknowledges in his Supplement, in order to hold a successor corporation liable for the debts of its predecessor, Plaintiff must allege one of four exceptions to the general rule of non-assumption of liability, *i.e.* that: "(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts."  Dkt. 67 at 12:21-27 (citing *Cleveland v. Johnson*, 209 Cal. App. 4th 1315, 1327 (2012) and *Ray v. Alad Corp.*, 19 Cal. 3d 22, 28 (1977)).

Here, Plaintiff alleges only that Proposed Intervenor falls under the third exception—that it is a mere continuation of Legacy Vision. Dkt. 67 at 13:18-15:7.  In order to meet this exception, Plaintiff must allege a direct sale of assets from the

---

[2] Among the many unverified sources cited by Mr. Hunter are: The Guardian newspaper, Specific Media's privacy page, AdExchanger.com, techcrunch.com, and allegations contained in an unverified complaint filed in the District Court for Oregon. *See* Hunter Decl. [Dkt. 67-2].

predecessor corporation (Legacy Vision) to the successor corporation (Proposed Intervenor).  *See, e.g., Katzir's*, 394 F.3d at 1151 (continuation doctrine requires a direct sale of assets between predecessor and successor corporations).  However, Plaintiff cannot make such a claim as he acknowledges that all of Legacy Vision's assets were acquired by Time Inc., not Proposed Intervenor.[3]  Dkt. 67 at 1:26-27; Dkt. 67-2 ("Hunter Decl.") at ¶¶ 11, 17.  Thus, as Plaintiff acknowledges that a direct sale of Legacy Vision's assets to Proposed Intervenor did not occur, Plaintiff cannot allege a claim for successor liability against Proposed Intervenor.

Moreover, even if Proposed Intervenor was a successor in liability to Legacy Vision, Proposed Intervenor must still be properly joined in this litigation to preserve its due process rights.  Plaintiff does not dispute that Proposed Intervenor is a separate legal entity.  Dkt. 67 ("Supplement") at 8:28-9:1; Dkt. 67-2 ("Hunter Decl.") at ¶ 13, Exh. L.  However, to date Plaintiff has not served Proposed Intervenor with any filings from this litigation or otherwise attempted to join it as a party to this litigation.

As to Plaintiff's second likely argument—that Proposed Intervenor waited too long to attempt to intervene—again Plaintiff is incorrect.  Plaintiff acknowledges Proposed Intervenor is a separate and distinct corporate entity from Legacy Vision.  *Id.*  Accordingly, as no claim was asserted against Proposed Intervenor in this litigation, as a third-party Proposed Intervenor lacked standing to intervene in this action.  *See* Fed. R. Civ. P. 24(a)(2) (Mandatory intervention requires an intervenor have a significantly protectable interest relating to the property or transaction that is subject to the action); Fed. R. Civ. P. 24(b)(2) (permissive interventions requires the intervenor have a claim

---

[3] The actual transaction that occurred is far more complicated, involving multiple entities and a strict foreclosure under a first position lien due to a default under a credit agreement that was secured by various assets, including Legacy Vision's.  This foreclosure further precludes Plaintiff's claims of successor liability as this District has specifically held that a foreclosure of assets is not a direct sale for the purposes of the continuation doctrine.  *Agit Glob., Inc. v. Wham-O, Inc.*, No. 2:09-cv-08133-CAS, 2014 WL 1365200, at *5 (C.D. Cal. Apr. 7, 2014).  For the purposes of brevity a detailed discussion of this foreclosure is omitted from this Application, but can be provided at the Court's request.

or defense that shares with the main action a common question of law or fact). It was not until Plaintiff filed his Supplement that, for the first time, Plaintiff stated a claim against Proposed Intervenor. This gave Proposed Intervenor the necessary standing to intervene in this action. Proposed Intervenor filed this Application barely six days later.

Finally, it should be noted that Plaintiff's aspersions in his Supplement that Legacy Vision and Proposed Intervenor sought to conceal their actions from the Court in order to somehow trick Plaintiff are misplaced and inappropriate. *See* Dkt. 67 ("Supplement"). As Plaintiff acknowledges, all of Legacy Vision's assets were acquired by Time Inc. *Id.* at 1:26-27 ("Viant and all its assets, including MySpace, were acquired by Time, Inc."). At that point, Legacy Vision no longer had any employees or the ability to represent itself in this action. Notably, Ms. Rheinheimer attempted unsuccessfully to explain this to the Court.[4] At the same time, as discussed above, Proposed Intervenor, as a separate entity from Legacy Vision, had no right to appear in this action.

Proposed Intervenor was thus caught in a Catch-22. If it appeared in this action on behalf of Legacy Vision it would be unable to argue it was not a successor to Legacy Vision's liability in this matter. On the other hand, if it did not appear in this lawsuit, Plaintiff could use its absence to argue that Legacy Vision and Proposed Intervenor were working to defraud and trick Plaintiff by hiding their true corporate structure.[5] Accordingly, all Proposed Intervenor could do was monitor the Court's docket and filings in this case to see if an opportunity to intervene arose. Notably, Plaintiff fails to allege any conduct on the part of Proposed Intervenor *after* its formation in March 2016

---

[4] It appears that counsel for Legacy Vision, Jane Rheinheimer, in her attempt to be relieved as counsel in this action, has provided less than accurate information to the Court. Proposed Intervenor has learned of a portion of this incorrect information when Plaintiff included a transcribed copy of the hearing that occurred on December 22, 2016. Based on Ms. Rheinheimer's incorrect representations to the Court, at the very least Proposed Intervenor would like to be allowed to correct the record so that the Court can make an informed decision in this matter.

[5] Notably, this is exactly the argument that Plaintiff makes in its request to hold Proposed Intervenor liable in this action. *See* Dkt. 67 ("Supplement").

1  that is inconsistent with it operating as a completely distinct and separate entity from

2  Legacy Vision.[6]

3  **B. Entry of any Default Judgment against "Myspace LLC" Should be**

4  **Stayed Pending a Ruling on Proposed Intervenor's Forthcoming Motion**

5  This Court has the authority to stay its entry of Plaintiff's requested default

6  judgment. *See* Fed. R. Civ. P. 62(b)(3); *see also* Fed. R. Civ. P. 59. "[C]ourts do

7  ordinarily have authority to issue stays where such a stay would be a proper exercise of

8  discretion." *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016).

9  This Court is empowered to stay entry of Plaintiff's request for a default judgment

10  under its statutory and equitable powers to allow Proposed Intervenor to bring a motion

11  to intervene and, assuming intervention is granted, a subsequent response to Plaintiff's

12  request for entry of a default judgment against it. The interests of judicial economy and

13  preserving the parties' resources heavily favor granting a stay under these circumstances.

14  Indeed, without a stay, as discussed below, Plaintiff may attempt to enforce the judgment

15  against Proposed Intervenor in violation of Proposed Intervenor's due process rights.

16  Not only would this greatly prejudice Proposed Intervenor, but this would result in a

17  needless waste of judicial resources as Proposed Intervenor would have to expend

18  (potentially significant) resources to oppose Plaintiff's enforcement efforts, and the

19  Court would have to expend its limited time and resources to resolve these disputes.

20  Therefore, this Court should stay the amendment and enforcement of Plaintiff's default

21  judgment at least until this Court rules on Plaintiff's forthcoming motion to intervene.

22

23

24

25

---

26  [6] Contrary to Plaintiff's assertions, Ms. Rheinheimer has never been retained by
Proposed Intervenor nor has she ever been authorized to appear on its behalf at any
time. Dkt. 67 ("Supplement") at 15:7-15 (arguing that Ms. Rheinheimer made

27  appearances on behalf of "Myspace LLC" after March 2016). Rather, it appears that
Ms. Rheinheimer continued to appear on behalf of "Myspace LLC" unaware that her

28  client had changed its name to Legacy Vision.

**C. Proposed Intervenor Can Intervene in this Action and Requests that the Court Issue a Briefing Schedule for a Motion to Intervene**

Under the FRCP, a party may intervene in an existing matter either through mandatory or permissive intervention. *See* Fed. R. Civ. P. 24. The rules for intervening "traditionally receive[] liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Here, as discussed below, Proposed Intervenor can satisfy the requirements for either mandatory or permissive intervention and thus requests the Court set a briefing schedule for it to bring a motion to intervene.

*1. Proposed Intervenor Satisfies the Requirements to Intervene as a Matter of Right*

Under FRCP 24(a)(2), an intervenor must satisfy four criteria in order to intervene as a matter of right. <u>First</u>, the intervenor must timely move to intervene. *Arakaki v. Cayetano, supra*, 324 F.3d at 1083. <u>Second</u>, the intervenor must have a significantly protectable interest relating to the property or transaction that is subject to the action. *See* Fed. R. Civ. P. 24(a)(2); *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981). <u>Third</u>, the intervenor must be situated such that the disposition of the lawsuit *may* impair or impede its ability to protect that interest. *See* Fed. R. Civ. P. 24(a)(2); *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1038 (9th Cir. 1998). And <u>fourth</u>, the intervenor must not be adequately represented by existing parties. *See* Fed. R. Civ. P. 24(a)(2); *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 (1972). Here, Proposed Intervenor satisfies all four elements for mandatory intervention.

As to the first element, as discussed above, Proposed Intervenor's interests only became threatened last week when Plaintiff requested this Court add it as a judgment debtor. Thus, any motion to intervene is timely. As to the second and third elements, should this Court enter a default judgment against Proposed Intervenor, it faces a high risk that its assets will be improperly levied or attached through Plaintiff's enforcement

efforts. If any of Proposed Intervenor's assets are improperly levied or attached, Proposed Intervenor will be substantially hindered in its ability to conduct its daily operations and involved in costly and unnecessary litigation as a result. Consequently, Proposed Intervenor's protectable interest—its assets—would be vulnerable and Proposed Intervenor could not adequately protect them without intervening in this lawsuit.

Regarding the last element, Proposed Intervenor's interest in protecting its property from being improperly levied or attached is not adequately represented by the current parties in the suit. Indeed, Proposed Intervenor attempted to informally resolve this matter with Plaintiff before bringing it to the Court's attention. But Plaintiff rebuffed its attempts. Similarly, Legacy Vision, the only named-defendant in this lawsuit, is in default and, thus cannot present any arguments or evidence to the Court. Therefore, the only way to protect Proposed Intervenor's interest is through intervention.

Accordingly, as Proposed Intervenor can more than satisfy the requirements for mandatory intervention in this action it requests the Court set a briefing schedule to allow it to bring a motion to intervene.

### 2. *In the Alternative, this Court Can Exercise Its Discretion and Permit Proposed Intervenor to Intervene*

This Court may permit Proposed Intervenor to intervene if: (1) it has a claim or defense that shares with the main action a common question of law or fact; and (2) its intervention will not unduly delay the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(1)(B) and (b)(3). For the first criterion, "the existence of a 'common question' is liberally construed." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-09 (9th Cir. 2002).

Here, a common question of law and fact exists as Plaintiff seeks a default judgment against Proposed Intervenor alleging that Proposed Intervenor is liable as a successor to Legacy Vision. This theory of liability is one that Plaintiff must prove in

order to recover from Proposed Intervenor.  Accordingly, allowing Proposed Intervenor to intervene in order to enable it to defend itself against this theory of liability presents common questions of law and fact with the main action.

Likewise, for the same reason Proposed Intervenor's intervention will not unduly delay the adjudication of Plaintiff's rights.  This is because Plaintiff must establish that Proposed Intervenor is a successor in liability to Legacy Vision in order to seek a judgment against it.  Thus, Proposed Intervenor does not seek to raise new issues but only to provide additional evidence for the Court to consider.  Accordingly, there will be no undue delay.

Accordingly, as Proposed Intervenor has a more than colorable argument that intervention should be granted, it requests the Court set a briefing schedule for it to bring a motion requesting the same.

## IV.    CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully requests that this Court grant its e*x parte* Application to stay entry or enforcement of a default judgment against "Myspace LLC" and to set a briefing schedule for Proposed Intervenor's to bring a motion to intervene in this lawsuit.


DATED: February 16, 2017                          **LTL ATTORNEYS LLP**


                                                  By: /s/ James M. Lee
                                                      James M. Lee
                                                      Aaron Kollitz
                                                      Timothy Fox
                                                      Attorneys for Proposed Intervenor
                                                      Myspace LLC