**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **Priority** | ____ |
| **Send** | ____ |
| **Enter** | ____ |
| **Closed** | ____ |
| **JS-5/JS-6** | ____ |
| **Scan Only** | ____ |

**CASE NO.:** **CV 14-05520 SJO (PJWx)** **DATE:** **March 17, 2017**

**TITLE:** **Stephen Handy Aguiar v. MySpace Inc.**

**========================================================================**
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANT:**

Not Present

**========================================================================**
**PROCEEDINGS (in chambers): ORDER VACATING STATUS/SCHEDULING CONFERENCE; DIRECTING CLERK TO CORRECT ENTRY OF DEFAULT; GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW** [Docket No. 77]

This matter was previously before the Honorable Patrick J. Walsh in light of Plaintiff's then-*pro se* status. On or around February 3, 2017, Plaintiff obtained counsel, and the matter came before this Court.

The matter was incorrectly set for a Status/Scheduling Conference on Monday, March 20, 2017. Accordingly, the Court **VACATES** the Status/Scheduling Conference.

On December 22, 2016, after hearing argument regarding, *inter alia*, Plaintiff's request for entry of default, Judge Walsh ordered that default be entered against "Myspace LLC and Legacy Vision LLC." (ECF No. 50.) On December 28, 2016, default was erroneously entered against "My Space Inc. aka Legacy Vision LLC" ("Entry of Default"). (ECF No. 51.) On February 10, 2017, Plaintiff requested that the Clerk issue a revised entry of default naming the correct defendant(s), "MySpace, LLC and Legacy Vision, LLC." (ECF No. 65.) Because default was entered inconsistently with the Court's December 22, 2016 order, the Court **STRIKES** the Entry of Default, and **DIRECTS** the Clerk to issue a revised entry of default against "MySpace, LLC and Legacy Vision, LLC." Thereafter, Plaintiff may move for default judgment against MySpace, LLC and Legacy Vision, LLC.

The Court is also in receipt of the Motion for Withdrawal as Attorneys of Record for Defendant ("Motion to Withdraw"), filed by Ms. Jane A. Rheinheimer ("Ms. Rheinheimer") on March 8, 2017. (ECF No. 77.) The California Rules of Professional Conduct provide that counsel may request permission to withdraw if the client "by other conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." Cal. Rules Prof. Conduct, 3-700(C)(1)(d). Ms. Rheinheimer argues that she notified Defendant MySpace LLC numerous times of the various rulings of the Court, together with all pleadings and the fact that default was entered against it. However, Defendant ceased all communications with her and her firm months ago, making it impossible for her to fulfill her obligations to Defendant and the Court. Because default has been

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Priority** | ____ |
| **Send** | ____ |
| **Enter** | ____ |
| **Closed** | ____ |
| **JS-5/JS-6** | ____ |
| **Scan Only** | ____ |

**CIVIL MINUTES - GENERAL**

**CASE NO.: CV 14-05520 SJO (PJWx)** **DATE: March 17, 2017**

entered against Defendant, there is little likelihood that allowing Ms. Rheinheimer to withdraw will adversely affect Plaintiff or delay the action. Ms. Rheinheimer has notified Plaintiff's counsel and Defendant of her Motion to Withdraw. Accordingly, the Court **GRANTS** Ms. Rheinheimer's Motion to Withdraw.

IT IS SO ORDERED.