**LTL ATTORNEYS LLP**
James M. Lee (Bar No. 192301)
james.lee@ltlattorneys.com
Aaron Kollitz (Bar No. 238580)
aaron.kollitz@ltlattorneys.com
Timothy Fox (Bar No. 280918)
timothy.fox@ltlattorneys.com
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Proposed Intervenor
Myspace LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEPHEN HANDY AGUIAR,

Plaintiff,

v.

MYSPACE INC., aka LEGACY VISION, LLC

Defendants.

CASE NO.: 2:14-CV-05520-SJO-PJWx

Judge: Hon. S. James Otero

**PROPOSED INTERVENOR MYSPACE LLC'S *EX PARTE* APPLICATION FOR AN ORDER STAYING ALL BRIEFING AND ANY HEARINGS RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 87)**

*[Filed concurrently with Declaration Of James M. Lee, Request for Judicial Notice, and [Proposed] Order]*

Action Filed: July 16, 2014
Hearing Date: None Set

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Proposed Intervenor Myspace LLC ("Proposed Intervenor") hereby applies *ex parte* for an order staying all briefing and any hearing on Plaintiff's Motion for Default Judgment (ECF No. 87) until the Court rules on Proposed Intervenor's pending motion to intervene (ECF No. 76).

The basis for this Application is that Plaintiff moved for default judgment specifically against Proposed Intervenor, despite the fact that Proposed Intervenor was never named as a defendant in Plaintiff's lawsuit and is not yet a party to this action. Accordingly, to protect its interests, on March 7, 2017 Proposed Intervenor filed a motion to intervene in this action.

As the Court has not yet ruled on Proposed Intervenor's motion to intervene, Proposed Intervenor lacks standing to file an opposition to Plaintiff's pending Motion for Default Judgment. Accordingly, if all briefing and any hearings on Plaintiff's Motion for Default Judgment are not stayed until the Court rules on Proposed Intervenor's motion to intervene, Proposed Intervenor will suffer significant prejudice as Plaintiff's Motion for Default Judgment will be unopposed. This would severely affect Proposed Intervenor's due process rights. Proposed Intervenor therefore seeks an order staying all briefing and any hearings on Plaintiff's Motion for Default Judgment until the Court rules on Proposed Intervenor's motion to intervene.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of James M. Lee and Request for Judicial Notice, and the records and pleadings on file in this case, and any other matters that the Court may consider, including oral argument of counsel.

**COMPLIANCE WITH LOCAL RULE 7-19**

Pursuant to Local Rule 7-19, notice of this Application was given on April 13, 2017 to Plaintiff's counsel of record, Caleb Mason of Brown White & Osborn LLP via email (cmason@brownwhitelaw.com). Declaration of James Lee ¶ 2, Ex. A. Mr. Mason

responded, without explanation, that Plaintiff would oppose this *ex parte* Application. *Id.*, ¶ 3, Exh. B. Plaintiff's counsel's phone number is 213-406-2949. *Id.* at ¶ 4.

DATED: April 14, 2017

**LTL ATTORNEYS LLP**

By: /s/ James M. Lee
James M. Lee
Aaron Kollitz
Timothy Fox
Attorneys for Proposed Intervenor Myspace LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION.**

By this *Ex Parte* Application, Proposed Intervenor Myspace LLC ("Proposed Intervenor") requests an immediate stay of all briefing and any hearing on Plaintiff's Motion for Default Judgment (ECF No. 87) ("Motion") until the Court rules on Proposed Intervenor's Motion to Intervene (ECF No. 76).

Plaintiff's Motion constitutes his latest attempt to obtain a default judgment against a company that: (1) never had any dealings with Plaintiff; (2) was never named as a party to this lawsuit; (3) did not exist until well *after* the conduct complained of in Plaintiff's complaint occurred; and (4) is both factually and legally a separate entity from the "Myspace LLC" identified in Plaintiff's complaint which Plaintiff admits now operates under the name Legacy Vision LLC (hereinafter "Judgment Debtor").

Moreover, Plaintiff's Motion suffers from numerous troubling defects that Proposed Intervenor should be given the opportunity to fully brief. For example, Plaintiff acknowledges that Proposed Intervenor and Judgment Debtor are independent and separate entities with separate Delaware Secretary of State file numbers, yet he continues to take the contrary position that they are one and the same entity.

Even more troubling is the fact that Plaintiff makes *material misrepresentations* to the Court regarding the proceedings in his criminal case before the United States District Court for the District of Vermont. Plaintiff claims in this lawsuit that his conviction in his criminal case derives entirely from the documents Judgment Debtor allegedly disclosed to the DEA. This is false. Not only did the District Court specifically hold that the evidence outside of documents provided by Judgment Debtor was "overwhelming," but Plaintiff's own defense counsel in the criminal matter stated in a declaration that the only documents used came from Plaintiff's *public* Myspace page. Thus even assuming *arguendo* that Judgment Debtor did violate the SCA/ECPA, it had no effect on Plaintiff's conviction.

Finally, without explanation Plaintiff has significantly increased the amount of damages he now requests over those requested barely two months ago. In Plaintiff's initial motion for default judgment (ECF No. 53) and supplement to the same (ECF No. 67) Plaintiff sought only $200,000 in damages. However, in his current motion, Plaintiff now seeks over $1.1 million in damages without providing any justification as to why he is entitled to any damages beyond those alleged in his initial motion for default judgment. This is by no means an exhaustive list of the numerous defects present in Plaintiff's current Motion.

As Plaintiff asks the Court to enter a judgment against Proposed Intervenor, Proposed Intervenor requests it be given the opportunity to fully brief the defects in Plaintiff's Motion. Accordingly, Proposed Intervenor respectfully requests that the Court stay all briefing and any hearings on Plaintiff's Motion until it rules on Proposed Intervenor's Motion to Intervene.

## II. STATEMENT OF FACTS

Plaintiff filed his lawsuit against the entity then operating as "Myspace LLC" in July 2014. Compl., ECF No. 7. On December 5, 2016, Plaintiff filed a motion for joinder or substitution of parties, wherein he acknowledged that the Myspace LLC entity he had named in his lawsuit had changed its name to Legacy Vision LLC. ECF No. 46. On December 22, 2016, Magistrate Judge Patrick Walsh entered an order granting Plaintiff's motion to add Legacy Vision LLC as a defendant. ECF No. 50. On December 28, 2016, the deputy clerk erroneously entered default against "My Space Inc. aka Legacy Vision LLC." ECF No. 51.

On January 6, 2017, Plaintiff filed his initial motion for default judgment. ECF No. 53. In this motion, Plaintiff acknowledged that the "Court has granted Plaintiff's motion to substitute Legacy Vision, LLC in place of MySpace, LLC and such amendment has therefore been made here." *Id.* at 1 n.2. Also in this motion, Plaintiff requested damages in the amount of $200,450. *Id.* at 3. On February 10, 2017, after retaining counsel, Plaintiff filed a supplemental brief in support of his motion for default

judgment. ECF No. 67. In this supplement, for the first time, Plaintiff argued that Proposed Intervenor was the same entity as Judgment Debtor and specifically sought entry of a judgment against Proposed Intervenor. *See id.* Additionally, despite having retained counsel at the time the supplement was filed (barely two months ago), nowhere in this supplement does Plaintiff argue that his damages should be increased beyond the $200,450 requested in Plaintiff's initial motion. *See id.*

On February 17, 2017, in response to Plaintiff's attempt to hold Proposed Intervenor liable, Proposed Intervenor filed an *ex parte* application to stay the case and issue a briefing schedule for it to bring a motion to intervene. ECF No. 68. On February 28, 2017, the Court denied Proposed Intervenor's request for a stay, but did issue a briefing schedule for Proposed Intervenor to file a motion to intervene. ECF No. 70.

On March 1, 2017, on its own motion the Court struck all pending motions, including Plaintiff's motion for a default judgment and his supplement in support of the same. ECF No. 73. On March 7, 2017, in accordance with the briefing schedule issued by the Court, Proposed Intervenor filed its motion to intervene. ECF No. 76.

On March 17, 2017, the Court entered an order striking the prior entry of default (ECF No. 51) and directing the Clerk to issue a revised entry of default against "MySpace, LLC and Legacy Vision, LLC." ECF No. 82. The Court further held that "[t]hereafter, Plaintiff may move for default judgment against MySpace, LLC and Legacy Vision, LLC." *Id.*

On April 10, 2017, Plaintiff filed the present Motion for Default Judgment. ECF No. 87. In his proposed order attached to the same, Plaintiff asks that default judgment be entered against *both* Legacy Vision LLC (a Delaware limited liability company with Delaware File Number 4041431) and MySpace LLC (a Delaware limited liability company with Delaware File Number 5982356). ECF No. 87-4.

/ / /

/ / /

/ / /

## III. ARGUMENT

### A. Briefing and any Hearing on Plaintiff's Motion Should be Stayed Pending a Ruling on Proposed Intervenor's Motion to Intervene

This Court is empowered to stay all briefing and any hearings on Plaintiff's Motion until it rules on Proposed Intervenor's Motion to Intervene, thereby affording Proposed Intervenor the opportunity to file an opposition to Plaintiff's Motion. *Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016) ("courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion"); *see also* Fed. R. Civ. P. 62(b)(3), (b)(4); Fed. R. Civ. P. 59; Fed. R. Civ. P. 60.

Here, Proposed Intervenor has yet to receive leave to intervene in this action. As such, it is not a party to this litigation and therefore lacks standing to file an opposition to Plaintiff's Motion under Rule 27 of the Federal Rules of Civil Procedure. Fed. R. Civ. Proc. 27 ("[a]ny *party* may file a response to a motion") (emphasis added). However, as Plaintiff's Motion unequivocally claims that Proposed Intervenor is liable for the debts of Judgment Debtor and seeks to obtain entry of a judgment specifically against Proposed Intervenor, Proposed Intervenor's rights are implicated in Plaintiff's Motion and it should be given the opportunity to defend itself.

Accordingly, Proposed Intervenor respectfully requests that all briefing be stayed on Plaintiff's Motion and no hearing be held until the Court rules on Proposed Intervenor's Motion to Intervene. Plaintiff will not suffer any prejudice from any stay as this litigation has been pending for almost three years. An additional few month delay will not make a material difference. Moreover, Plaintiff's own Motion indicates that he expects an opposition from Proposed Intervenor as he addresses arguments that he anticipates Proposed Intervenor will bring. ECF No. 87, 9:24–27.

Finally, Proposed Intervenor's request for a stay is particularly important as Plaintiff's Motion suffers from numerous fatal defects—a few of which are discussed below—that preclude Plaintiff's all of claims. Proposed Intervenor should be allowed to present these defects to the Court to allow it to make a fully informed decision.

**B. Plaintiff's Motion Suffers from Numerous Fatal Defects**

*i. Plaintiff admits he seeks default judgment against a different entity from the one he named in this lawsuit.*

Plaintiff filed his complaint against Judgment Debtor, which subsequently changed its name from "Myspace LLC" to "Legacy Vision LLC." Plaintiff himself cannot dispute this fact. On December 5, 2016, Plaintiff filed a motion for joinder or substitution of parties, acknowledging that "Legacy Vision LLC" was now the name under which Judgment Debtor was operating, and asked that the Court add or join "Legacy Vision LLC" as a defendant. ECF No. 46. Plaintiff subsequently acknowledged that this entity operates under the Delaware secretary of state filing number 4041431. ECF No. 87-4. Despite this, Plaintiff now asks the Court to enter judgment against a separate "Myspace LLC" entity with the Delaware secretary of state filing number 5982356—Proposed Intervenor. *Id.* However, Proposed Intervenor is clearly a different entity from the one named in this lawsuit as Proposed Intervenor was not even formed until *more than a year after* Plaintiff filed his lawsuit and has never been served or joined in this litigation.

Moreover, Plaintiff's current Motion abandons his prior argument that Proposed Intervenor is a continuation of or a successor-in-liability to Judgment Debtor, likely due to the fact that this argument is meritless. *See* ECF No. 87. Instead, Plaintiff only argues that Judgment Debtor and Proposed Intervenor are the *same entity*—a bizarre conclusion given that the Delaware secretary of state and Plaintiff's own filings recognize that they are two distinct corporate entities.

Plaintiff is speaking out of both sides of his mouth in the hopes of scoring a quick judgment against a party that he implicitly admits has never been joined in this litigation. He cannot obtain a judgment against Proposed Intervenor until he establishes its liability for Judgment Debtor's debts. As Plaintiff has abandoned his attempt to establish a claim of successor liability in his current Motion, he cannot hope to do so. Accordingly, Plaintiff's Motion must be denied to the extent he seeks to obtain a judgment against

Proposed Intervenor.

*ii. Plaintiff's motion makes material misrepresentations to the Court*

Plaintiff and his counsel specifically represented to the Court in Plaintiff's Motion that "MySpace's unlawful disclosure of Mr. Aguiar's private records led to his indictment and conviction for drug trafficking." ECF No. 87, 3:8–9. And, that "Mr. Aguiar was investigated, indicted, and convicted based in large part on the evidence that MySpace unlawfully disclosed to the DEA and that which was derivative thereof." ECF No. 87, 7:24–26.

Both Mr. Aguiar and his counsel know that these statements are not true.[1] In fact, the only documents cited in support of these bold statements are Plaintiff's own complaint and Plaintiff's motion to vacate his criminal conviction. ECF No. 87, 7:24–26; ECF No. 87, 3:9 (both citing to *United States of America v. Aguiar*, No. 09-cr-00090 (D. Vt.), ECF No. 717-1 at p. 13 (RJN Exh. A-2)).[2] However, the Magistrate Judge who ruled on Plaintiff's motion to vacate his criminal conviction *specifically* addressed Plaintiff's argument that the documents produced by Myspace led to his conviction. In his report and recommendation, Magistrate Judge John M. Conroy held that Plaintiff would have been convicted even without the Myspace documents, specifically noting that an "overwhelming" amount of evidence was presented against Plaintiff in his criminal case. *United States of America v. Aguiar*, No. 09-cr-00090 (D. Vt.), ECF No. 767 at 35[3] ("Assuming arguendo that a motion to suppress [the Myspace documents]

---

[1] Plaintiff's counsel claims to have spent over 200 hours on this case and are clearly aware of the filings in the criminal docket as they cite to Plaintiff's motion to vacate as well as the fact that Plaintiff has appealed the denial of his motion to vacate. ECF No. 87 at 9:14-15; Declaration of Caleb Mason, ¶ 11, ECF No. 87-2

[2] For the convenience of the Court, the filings from Plaintiff's criminal case cited in this Application are included in the contemporaneously filed Request for Judicial Notice ("RJN").

[3] The report and recommendation of the Magistrate Judge were adopted in their entirety by the District Court Judge. *United States of America v. Aguiar*, No. 09-cr-00090 (D. Vt.), ECF No. 780.

would have been successful, Aguiar fails to satisfy the prejudice prong of *Strickland*, given that the evidence against Aguiar at trial was overwhelming") (RJN Exh. B).

The District Judge went even further in affirming the report and recommendation of the Magistrate Judge, holding:

> Despite the efforts of Attorney Williams, the evidence supporting Mr. Aguiar's conviction was overwhelming. The trial included testimony from multiple cooperating co-defendants, recorded intercepts, verified controlled purchases, and hundreds of pieces of evidence. In affirming the conviction and sentence, the Second Circuit referenced "the volume of evidence introduced at trial by the government" in finding that an allegedly unconstitutional search was harmless. *United States v. Aguiar*, 737 F.3d 251, 263 (2d Cir. 2013). This same observation pertains to Mr. Aguiar's current arguments, as even considering the aggregate impact of any alleged errors, the sheer volume of evidence negated any resulting prejudice.

*United States of America v. Aguiar*, No. 09-cr-00090 (D. Vt.), ECF No. 780 at 3 (RJN Exh. C).

Moreover, Plaintiff's *own* attorney in the criminal matter filed a declaration in opposition to Plaintiff's motion to vacate his conviction wherein he stated that the incriminating documents obtained from Myspace were from Plaintiff's *public* Myspace profile page. *United States of America v. Aguiar*, No. 09-cr-00090 (D. Vt.), Declaration of David J. Williams, ¶ 2, ECF No. 737-1 (RJN Exh. D). Thus, even assuming *arguendo* that Judgment Debtor did violate the SCA/ECPA, the documents that were produced to the DEA in violation of the SCA/ECPA were not used to convict Plaintiff.

As Plaintiff cannot establish that any violation of the SCA/ECPA by Judgment Debtor led to his conviction, he cannot allege that he has suffered any actual damages due to the violation. As Plaintiff's current Motion elects solely to request actual damages, his Motion must fail for this additional reason. *See* Motion, ECF No. 87.

Additionally, Plaintiff's counsel's conduct in presenting factual arguments that are directly contradicted by the record in the criminal case is troubling. Especially in light of the duty of candor they owe to the Court and their obligations under Rule 11 of the Federal Rules of Civil Procedure.

Rule 3.3 of the ABA's Model Rules for Professional Conduct ("Duty of Candor") states:

> (a) A lawyer shall not knowingly:
>
> (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

*Id*. While Rule 11 of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery
>
> . . .

Fed. R. Civ. P. 11.

As Plaintiff and his counsel have shown a willingness to play fast-and-loose with the facts, Proposed Intervenor additionally requests that the Court carefully evaluate all of the factual representations made by Plaintiff and his counsel in their Motion and other filings before the Court.[4]

---

[4] One such representation that is drawn into question is in Plaintiff's operative complaint, wherein Plaintiff states that his attorney "failed to provide Plaintiff with discovery evidence related to the allegations herein until November 2013." ECF No. 22, ¶ 15. It was largely based on this allegation that Magistrate Judge Patrick Walsh overruled Judgment Debtor's Motion to Dismiss Plaintiff's SCA claim in this case.

*iii. Plaintiff's Motion fails to explain his dramatic increase in the amount of damages requested.*

In his original motion for default judgment filed on January 6, 2017, Plaintiff asked the Court to award him $200,450 in damages. ECF No. 53. On February 10, 2017, Plaintiff filed, through his current counsel, a supplemental brief in support of Plaintiff's motion for default judgment. ECF No. 67. This filing alleged nothing further regarding the amount of damages Plaintiff should be awarded. *See id.* Additionally, despite having retained counsel at this time, the supplemental brief did not request that Plaintiff be awarded attorneys' fees. *See id.*

Plaintiff's Motion, however, now significantly increases the requested amount of damages to $1,129.067.15. He provides the Court with no justifiable explanation as to how he accrued an additional $900,000 in damages in the two months that have elapsed between his supplement and current brief. Additionally, Plaintiff fails to provide any explanation as to how he reasonably incurred more than $70,000 in attorneys' fees in these same two months.

This increase in the amount of damages requested is baseless. It is clear that Plaintiff is attempting to take advantage of the Court striking his prior motion for default judgment and now seeks to improperly inflate his claims for damages. Plaintiff's Motion all but admits that this is due to his belief that Proposed Intervenor and its alleged "multi-billion-dollar parent company, Time Inc." have the financial wherewithal to satisfy a

---

ECF No. 40 at 6:3-9:6. However, Plaintiff's attorney in the criminal matter states in his declaration that *in January 2011*, Plaintiff was provided with "thousands of pages of documents, wiretapped recordings of thousands of telephone calls and related linesheets, hundreds of hours of recorded prison calls made by Mr. Aguiar and his co-defendants, and banking and telephone records." Declaration of David J. Williams, ¶ 9, *United States of America v. Aguiar*, No. 09-cr-00090 (D. Vt.), ECF No. 737-1 (RJN Exh. D). While his attorney goes on to state that he later stopped providing Plaintiff with additional documents, the reason he stopped providing Plaintiff with these documents was due to Plaintiff's own conduct that was undermining his attorney's ability to represent him. *Id.* Thus, even assuming the Myspace subpoena was not in the thousands of documents produced in January 2011 (which seems unlikely), the reason Plaintiff was not provided the subpoena until November 2013 was due to his own willful conduct. Thus no equitable tolling should have applied to Plaintiff's SCA/ECPA claim and it should have been dismissed.

large judgment. *See* Motion at 5:15–19, ECF No. 87. Plaintiff perceives a deep pocket and is trying to take advantage of that. However, nothing in Plaintiff's Motion justifies the significant increase in the amount of damages allegedly suffered. While Proposed Intervenor maintains that *any* default judgment entered against it is improper, Plaintiff's unscrupulous inflation of his claim for damages is wholly unsupported and Plaintiff should be at most limited to his initial damages claim.

## IV. CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully requests that this Court grant its ex *parte* Application to stay briefing on Plaintiff's Motion for Default Judgment until it rules on Proposed Intervenor's pending Motion to Intervene.

DATED: April 14, 2017

**LTL ATTORNEYS LLP**

By: /s/ James M. Lee
James M. Lee
Aaron Kollitz
Timothy Fox
Attorneys for Proposed Intervenor
Myspace LLC